```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


ERIC E. CRISS,                       :
                                     :     Civil Action No. 08-5168 (JAP)
            Plaintiff,               :
                                     :
      v.                             :     ORDER
                                     :
STATE OF NEW JERSEY, et al.,         :
                                     :
            Defendants.              :
```

**PISANO**, District Judge

This matter is before the Court on Plaintiff's Motion to Reconsider, Re-open, and file a Second Amended Complaint [12], with respect to this Court's Opinion and Order [10, 11] dismissing the Amended Complaint, entered June 30, 2009, familiarity with which is presumed.  The Order dismissing the Amended Complaint granted Plaintiff leave to move to re-open and file an amended complaint, within 30 days thereafter, if he could cure the deficiencies of the Complaint and Amended Complaint. The Motion to Reconsider and Re-open was received by the Clerk's office on July 30, 2009, and is timely.

It appears that Plaintiff seeks reconsideration only with respect to the dismissal of the false arrest and false imprisonment claims against Defendants Craig Meyer and John W. Fodor.[1]  Plaintiff seeks to re-open this matter and to file a

---

[1] Plaintiff also names in the caption of the Motion to Reconsider defendants Somerset County, Bedminster Township, Bedminster Township Police Dept., and the Somerset County

second amended complaint asserting the false arrest and false imprisonment claims.

It appearing that:

In the proposed Second Amended Complaint, Plaintiff alleges that Defendant Sergeant Craig Meyer signed an affidavit on or about January 14, 2008, pursuant to which an arrest warrant was later issued.[2]

> The affidavit accused the plaintiff that on 07/02/2007 at 10:33 A.M., that the plaintiff went into a Peapack Gladstone Bank and cashed a fraudulent payroll check, when in fact on 07/02/2007 the plaintiff had been falsely accused and then arrested on this complaint.
>
> The detective had sufficient information that at the time when he applied for an arrest warrant for the plaintiff that it was not the plaintiff in the Peapack Gladstone Bank, because on or around October 29, 2007 the detective interviewed Tia Perrin and at that interview the detective said when he showed Tia Perrin a photo of the suspect in the Peapack Gladstone Bank cashing the fraudulent check, He stated to Tia Perrin who is the plaintiff's daughter, He stated (Tia" I have information that this is not your father).
>
> And also on 07/02/2007, at the time in question the plaintiff Eric E. Criss was in Court in Newark, New

---

Prosecutors Office.  All claims against these defendants were previously dismissed and Plaintiff has presented no facts or legal argument suggesting that this Court erred in its prior determination.  Insofar as the Motion to Reconsider could be construed as seeking to reinstate claims against these defendants, the Motion will be denied.  See, e.g., Local Civil Rule 7.1(I); Bowers v. National Collegiate Athletic Ass'n, 130 F.Supp.2d 610, 612 (D.N.J. 2001); United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994); NL Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996); .

[2] Plaintiff also alleges that Defendant Sergeant Fodor signed an affidavit containing the same allegations.

>     Jersey and could not have possibly been at two places
>     at one time.
>
>     (2)  ...
>     They also claim to have photographs of a suspect in
>     another Peapack Gladstone Bank located in Morris
>     County, (Shunpike Branch), they also claim that the
>     Bank surveillance photographs taken clearly depict
>     defendant Criss presenting a fraudulent payroll check
>     made payable to Dexter Baker in the amount of
>     $952,32.00 [sic].  It should be noted that this is not
>     a photograph of the plaintiff.

(Motion to Reconsider at (1), (2).)

Plaintiff alleged in the previous Complaint and Amended Complaint that he was arrested on February 24, 2008, and that he appeared in the Superior Court of New Jersey, Somerset County, in the courtroom of the Honorable Julie M. Marino, on Monday, February 25, 2008, where he was charged by complaint no. W-2008-000072-1801, and where bail was set at $50,000.00, cash only.[3]

---

[3] This Court will take judicial notice of various news reports, consistent with Plaintiff's allegations, indicating that, in May 2008, a Somerset County Grand Jury returned a 407-count indictment against Plaintiff and 14 other defendants, charging them with interstate racketeering and money laundering, among other offenses. See, e.g., Craig Turpin, 'Stop Payment' results in 407 count indictment, nj.com, May 29, 2008, http://blog.nj.com/reporter/2008/05/operation_stop_payment_results.html; Michael Rispoli/The Star-Ledger, Somerset judge dismisses 2 charges in 407 count indictment for payroll, check forgery scheme, nj.com, June 25, 2009, http://www.nj.com/news/index.ssf/2009/06/somerset_judge_dismisses_2_cha.html.

See also Ieradi v. Mylan Labs., Inc., 230 F.3d 594, 600 n. 3 (3d Cir. 2000) ("Under Federal Rule of Evidence 201, [a court] may take judicial notice at any stage of the proceeding of a fact not subject to reasonable dispute that is capable of accurate and ready determination by resort to a source whose accuracy cannot be reasonably questioned.") (citation omitted); Benak ex rel.

In the proposed second amended complaint, Plaintiff alleges that the defendants continued to harm him by virtue of their questioning of another suspect, Steven Jacob Lawyer, the next day, on February 26, 2008. Plaintiff transcribes several lines of questioning, which he characterizes as "coercive."

> ...
> Det. Sgt. Craig Meyer:  oh yea who's that couple?
> Steven Jake Lawyer:  I don't know.  I have not actually seen them.
> Det. Sgt. Craig Meyer:  Eric?
> Steven Jake Lawyer:  yea that's Eric.
>
> Also on the same date and time of questioning:
> Det. Sgt. Craig Meyer:  He obviously on July 2nd Eric Criss was also out using the checks that you supplied okay.  you obviously don't remember who all was out with you that day.  okay
> Steven Jake Lawyer:  They never actually came with me...like these people like if I were going to go then I just go...just with him, and it would be just me and him by ourselves.
> Det. Sgt. Craig Meyer:  so Eric is on his own taking advantages of these checks at the same time.  Now thats Eric Criss on that date in question okay and thats important do you understand?
> Steven Jake Lawyer:  yes.

(Motion to Reconsider at (3).)

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course before trial.  "In all other cases, a party may amend its

---

Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P., 435 F.3d 396, 401 n. 15 (3d Cir. 2006) (holding that district court did not err in taking judicial notice of newspaper articles because "[t]hey serve only to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true") (citation omitted).

pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed.R.Civ.P. Rule 15(a)(2).

Here, amendment would be futile, as the proposed second amended complaint still fails to state a claim for false arrest and false imprisonment on February 24, 2008, and extending to the next day when Petitioner appeared in court and was charged.

As noted in this Court's previous Opinion, to state a Fourth Amendment claim for false arrest, a plaintiff must allege two elements:  (1) that there was an arrest; and (2) that the arrest was made without probable cause.  <u>Dowling v. City of Philadelphia</u>, 855 F.2d 136, 141 (3d Cir. 1988).  To establish the absence of probable cause, a plaintiff must show "that at the time when the defendant put the proceedings in motion the circumstances were such as not to warrant an ordinary prudent individual in believing that an offense had been committed." <u>Lind v. Schmid</u>, 67 N.J. 255, 262 (1975).  "Probable cause . . . requires more than mere suspicion; however, it does not require that the officer have evidence to prove guilt beyond a reasonable doubt."  <u>Orsatti v. New Jersey State Police</u>, 71 F.3d 480, 482-83 (3d Cir. 1995).  Rather, probable cause exists when the facts and circumstances are "sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense."  <u>Gerstein v. Pugh</u>, 420 U.S. 103, 111 (1975) (<u>quoting</u>

Beck v. State of Ohio, 379 U.S. 89, 91 (1964)); Sharrar v. Felsing, 128 F.3d 810, 817 (3d Cir. 1997).

The existence of probable cause is assessed by considering an arresting officer's knowledge at the moment the arrest was made. See Hunter v. Bryant, 502 U.S. 224, 228 (1991); Beck v. Ohio, 379 U.S. 89, 91 (1964).

> Although the jury typically determines the existence of probable cause in a § 1983 case, Montgomery v. De Simone, 159 F.3d 120, 124 (3d Cir. 1998), "a district court may conclude 'that probable cause exists as a matter of law if the evidence, viewed most favorably to Plaintiff, reasonably would not support a contrary factual finding'" and enter summary judgment. Merkle v. Upper Dublin Sch. Dist., [211 F.3d 782, 788-89 (3d Cir. 2000)] (quoting Sherwood v. Mulvihill, 113 F.3d 396, 401 (3d Cir. 1997)).
>
> In Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), the Supreme Court set forth a two-part inquiry for challenging the truthfulness of factual statements made in an affidavit of probable cause. United States v. Yusuf, 461 F.3d 374, 383 (3d Cir. 2006). Under the Franks test, a plaintiff challenging the validity of an affidavit of probable cause must prove, by a preponderance of the evidence, "(1) that the affiant knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant; and (2) that such statements or omissions are material, or necessary, to the finding of probable cause." Sherwood, 113 F.3d at 399 (citing, inter alia, Franks, 438 U.S. at 171-72, 98 S.Ct. 2674).

Collins v. Christie, 337 Fed.Appx. 188, 192-93, 2009 WL 2004179 (3d Cir. 2009) (citations omitted).

Plaintiff alleges that he can establish the absence of probable cause by virtue of the following: (1) he is not the individual in the various photographs and he could not be the

6

person in the July 2, 2007, photograph because he was in court at the time; (2) Sergeant Meyer revealed his knowledge that Plaintiff was not the person in one photograph when he said to Tia Perrin that he "had information" that the person in the photograph was not Plaintiff; and (3) on February 26, 2008, Sergeant Meyer tried to cover up his mistake by coercing suspect Steven Jacob Lawyer into identifying Plaintiff as the individual in one or more photos.

    None of these allegations, however, gives rise to an inference that Sergeant Meyer, or Sergeant Fodor knew, at the time they prepared the January 2008 affidavit, pursuant to which Plaintiff was arrested, that he was not a participant in the check-fraud crimes, contrary to the statements in their sworn affidavit.  For example, it is not alleged that these defendants knew before Plaintiff's arrest that he could not be the person in the July 2, 2007, photograph because he was in another location on July 2, 2007, or that he was not the person in other photographs.  While Plaintiff's ability to establish that he is not the person in the photographs might have relevance at trial, it does not establish that these officers knew there was not probable cause for arrest, contrary to the results of their investigation.  Similarly, the interrogation of the suspect Steven Lawyer, which took place not only after the arrest, but after Plaintiff was charged, in no way establishes that the

defendants had knowledge that Plaintiff was not the individual in the photographs. To the contrary, there is no evidence of "coercion," and the suspect confirmed that Plaintiff was the individual in the photographs. Finally, the alleged statement to Tia Perrin, that Sergeant Meyer "had information" that Plaintiff was not the individual in a photograph, does not establish that Sergeant Meyer made knowingly false statements in the affidavit. The Court takes judicial notice that Tia Perrin was also a suspect in the scheme.[4]

> [I]t is generally recognized that the police may use some psychological tactics in eliciting a statement from a suspect. See Haynes v. Washington, [373 U.S. 503, 514-15 (1963)]. For example, the interrogator may play on the suspect's sympathies or explain that honesty might be the best policy for a criminal who hopes for leniency from the state. These ploys may play a part in the suspect's decision to confess, ... .

Miller v. Fenton, 796 F.2d 598, 605 (3d Cir.), cert. denied, 479 U.S. 989 (1986) (citations and footnote omitted). Sergeant Meyer's remark may have been simply an interrogation tactic; and the Court notes that Plaintiff does not state Tia Perrin's

---

[4] Tia Perrin was later indicted in the same indictment as Plaintiff. See Craig Turpin, 'Stop Payment' results in 407 count indictment, nj.com, May 29, 2008, http://blog.nj.com/reporter/2008/05/operation_stop_payment_results.html; Michael Deak, UPDATE: 15 charged in $600K check scheme, myCentralJersey.com, May 29, 2008, http://www.mycentraljersey.com/article/20080529/NEWS/305290001; List of individuals indicted in Somerset Co. Scam, myCentralJersey.com, May 29, 2008, http://www.mycentraljersey.com/article/20080529/NEWS/805290357/List-of-individuals-indicted-in-Somerset-Co.-scam;

response. Nevertheless, at most, this statement indicates that at one point in time, several months before the date of the affidavit, Sergeant Meyer may have had conflicting information about the identity of the individual in the photograph.

Accordingly, this Court finds that Plaintiff has failed to allege facts which, if taken as true, would establish that the defendants knowingly made material false statements in their affidavits. The proposed second amended complaint fails to state a claim.

Therefore, for the reasons expressed above,

IT IS on this 9th day of February, 2010,

ORDERED that the Motion [12] to Reconsider, Re-open, and file a second amended complaint is DENIED.

/s/ Joel A. Pisano
Joel A. Pisano
United States District Judge